IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM D. ROBERTS,                      2:11-cv-01135-MA

         Petitioner,               OPINION AND ORDER

     v.

MARK NOOTH,

         Respondent.

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

     Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

     Attorneys for Respondent

Marsh, Judge

     Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254

1 - OPINION AND ORDER

challenging the Oregon Board of Parole and Post-Prison Supervision's deferral of petitioner's release on parole. Specifically, petitioner argues that the Board denied him parole based on his mental illness in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Title II of the Americans with Disabilities Act (ADA). For the reasons set forth below, the amended petition is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 1979, Petitioner was convicted of murder and subsequently sentenced to life imprisonment, with the possibility of parole after twenty-five years. Resp.'s Exh. 101. On March 11, 2008, petitioner appeared before the Board for an exit interview to determine if he was suitable for parole. The Board unanimously concluded that petitioner was unsuitable for parole because he suffers from a "present severe emotional disturbance that constitutes a danger to the health or safety of the community." Resp.'s Exh. 103 at 132 and 138. Accordingly, petitioner was denied parole, and a new projected parole release date was set for August 17, 2010. Id. at 137-38.

On April 3, 2008, petitioner timely filed an Administrative Review Request Form, alleging that the Board's decision violated his protected liberty interests, state statutes, the ADA, and several state and federal constitutional provisions, including the

Fourteenth Amendment of the United States Constitution. <u>Id.</u> at 140-43.

On May 1, 2009, the Board rejected petitioner's claim that he was denied parole solely because of his severe emotional disturbance. <u>Id.</u> at 181-82.

> On August 16, 1979, you were convicted of murder and sentenced to life in prison. You committed this crime on or about April 28, 1979. On March 11, 2008, the Board conducted an exit interview with you. After considering all of the evidence presented at this hearing, including psychological evaluations prepared by Dr. Gary R. McGuffin on December 12, 2007, and applying the substantive standard in effect at the time you committed your crime as well as the applicable procedural rules, the Board found that you were suffering from a present severe emotional disturbance such as to constitute a danger to the healthy or safety of the community. As a result of this finding, the Board deferred your projected parole release date for 24 months with a resulting projected parole release date of August 17, 2010.

<u>Id.</u> at 181. Petitioner timely filed a petition for judicial review in the Oregon Court of Appeals arguing that the denial of parole violated state anti-discrimination laws and the ADA. Resp.'s Exh. 105. Notably, petitioner did not argue to the Court of Appeals that the Board's denial violated any federal constitutional provision. <u>Id.</u> The Oregon Court of Appeals affirmed the Board's decision without opinion. <u>Roberts v. Bd. of Parole and Post-Prison Supervision</u>, 240 Or.App. 464, 248 P.3d 451 (2011).

Petitioner subsequently petitioned the Oregon Supreme Court for review, repeating his arguments submitted to the Court of Appeals, and additionally arguing that the Board's denial of parole

3 - OPINION AND ORDER

violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Resp.'s Exh. 111. On April 21, 2011, the Oregon Supreme Court denied review. <u>Roberts v. Bd. of Parole and Post-Prison Supervision</u>, 350 Or. 241, 254 P.3d 743 (2011).

In the instant proceeding, Petitioner argues that the Board's denial of parole violated the Due Process Clause of the Fourteenth Amendment and the ADA.

## DISCUSSION

I. <u>Due Process Clause of the Fourteenth Amendment</u>

Petitioner argues that the Board violated the Due Process Clause when it denied him parole because he suffers from a present severe emotional disturbance (PSED) that constitutes a danger to the community. Respondent moves the court to deny habeas corpus relief because petitioner's Due Process argument is procedurally defaulted and, in the alternative, lacks merit.

A state prisoner must exhaust his state remedies before he can file a § 2254 petition in federal court. <u>Casey v. Moore</u>, 386 F.3d 896, 911 (9th Cir. 2004); 42 U.S.C. § 2254(b)(1)(A). Additionally, to avoid procedurally defaulting an argument, a petitioner must "'fairly present' his claim in each appropriate state court." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). Merely raising an argument on discretionary review to the state supreme court is insufficient. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

4 - OPINION AND ORDER

Although petitioner raised his Due Process claim before the Board and the Oregon Supreme Court on petition for review, he did not raise it before the Oregon Court of Appeals. Thus, petitioner failed to fairly present his claim in each appropriate state court. Petitioner's Due Process claim is procedurally defaulted. Petitioner has neither shown cause for the procedural default and prejudice attributable thereto, nor demonstrated that the failure to consider his Due Process claim will result in a fundamental miscarriage of justice. Accordingly, habeas corpus relief is precluded.

II.  The Americans with Disabilities Act

Petitioner next argues that the Board's denial of parole on account of his mental disability violates the ADA. Respondent argues that the state court's rejection of petitioner's ADA claim is entitled to deference.

If a state court has ruled on the merits of a claim, a federal court may not grant habeas corpus relief under § 2254 unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 785-86 (2011).

When applying these standards, the federal court should review the "last reasoned decision" by a state court that addressed the issue. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Here, however, no Oregon court issued an opinion on the ADA issue; the Court of Appeals affirmed the Board's decision without opinion, and the Supreme Court denied review. Where there is no state court opinion on the issue, the federal court must undertake an "'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003) (quoting Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000)); see also Harrington, 131 S.Ct. at 785-87.

Title II of the ADA prohibits a public entity from discriminating against a qualified individual on the basis of disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). The ADA applies to state prisons and parole decisions. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208-13 (1998); Thompson, 295 F.3d. at 896-99.

The ADA "does not categorically bar a state parole board from making an individualized assessment of the future dangerousness of an inmate by taking into account the inmate's disability." Thompson, 295 F.3d at 898 n.4. Thus, a "person's disability that leads one to a propensity to commit crime may certainly be relevant in assessing whether the individual is qualified for parole." Id.

6 - OPINION AND ORDER

Accordingly, this Court has held that the denial of parole on grounds identical to those identified by petitioner does not violate the ADA. See, e.g., Cheever v. Nooth, No. 2:10-cv-01181-SU, 2012 WL 1114306 at *3-4 (D. Or. Feb. 1, 2012) (Findings & Recommendation (#33) at 6-7); Dunmire v. Kitzhaber, No. 3:00-cv-00536-KI (D. Or. Mar. 1, 2001) (Opinion and Order (#24) at 5-6).

Petitioner was denied parole because he suffered from a "present severe emotional disturbance that constitutes a danger to the health or safety of the community." Resp.'s Answer Ex. 103 at 132. Based upon an independent review of the record, the Board did not deny petitioner's parole based on his mental disturbance *per se*, but based on a conclusion that the disturbance renders him a danger to the community. See Cheever, 2012 WL 1114306 at *3. It reached this conclusion "based on the doctor's report and diagnosis, coupled with all the information that the Board is considering . . . ." Resp.'s Exh. 103 at 138. This is permissible under the ADA. See Thompson, 295 F.3d at 898 n.4. Therefore, the Oregon courts' rejection of petitioner's ADA claim is neither contrary to, nor an unreasonable application of, federal law. Accordingly, habeas corpus relief is not warranted.

///
///
///
///

7 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's Amended Petition for Writ of Habeas Corpus (#9) is DENIED, and this proceeding is dismissed with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED this 17 day of October, 2012.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge